IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER O'QUINN, #K92939,<br><br>          Plaintiff,<br><br>v.<br><br>C/O VANDERHOVE,<br>LT. PIERCE,<br>C/O MARTIN, and<br>ELDRIDGE,<br><br>          Defendants. | Case No. 20-cv-01245-RJD |

## MEMORANDUM AND ORDER

**MAGISTRATE JUDGE REONA J. DALY:**

This matter is before the Court on three motions filed by Plaintiff Chester O'Quinn regarding service of process on Defendant Eldridge. (Docs. 21, 22, 23). For the following reasons, the motions are denied.

### BACKGROUND

This case was severed from *O'Quinn v. Vanderhove,* Case No. 19-cv-01010-MAB on November 16, 2020. (Doc. 1). Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center, is proceeding *in forma pauperis,* and so, the Court directed service on Defendants Vanderhove, Pierce, Martin, and Eldridge on his behalf. (Doc. 10). The Clerk of Court sent requests for waivers of service and corresponding documents to Defendants' place of employment, Pinckneyville Correctional Center ("Pinckneyville"), as provided by Plaintiff. (*Id.* at p. 2). Defendants were advised that if they failed to waive service then they would be required

to pay the full costs of formal service. (*Id.*). All Defendants, with the exception of Eldridge, returned the waiver of service. (Doc. 13).

The Pinckneyville Litigation Coordinator informed the Clerk that Eldridge no longer worked at the facility and provided a last known address. On December 10, 2020, the Clerk sent a second request for waiver of service to Eldridge at this new address. (Doc. 12). The waiver was returned unexecuted on January 14, 2021. The Clerk then issued a formal summons to be served by the United States Marshals Service. (Doc. 17). The summons was returned unexecuted on February 2, 2021. (Doc. 19). The marshal, who attempted to serve the complaint, included detailed notes of the efforts taken to locate Eldridge on the summons form. (*See Id.*). In the form, the marshal indicates that he attempted service first on January 25, 2021, and was informed by the current resident of the address that Eldridge had not lived their in over a year. The marshal inquired at the post office for a forwarding address, and an address was not available. On January 28, 2021, the marshal attempted service at a second address. No one came to the door and a neighbor stated that there has not been anyone or vehicle at the property recently. The marshal left a notice of attempted service at the address and did not receive a return call. (*Id.*).

After the summons was returned unexecuted, the Court directed Plaintiff to provide a valid service address by March 21, 2021, so that process could be served upon Eldridge. He was warned that failure to comply with the Order may result in the dismissal of Eldridge from this lawsuit. (Doc. 20). Plaintiff then filed the three motions currently before the Court on March 15, 2021, regarding service of process on Eldridge.

**PENDING MOTIONS**

In Plaintiff's motions, he claims that he believes Eldridge is evading service. (Doc. 21, p. 1; Doc. 22, p. 1-2). Plaintiff states that because of his incarceration he is unable to conduct any additional research to locate Eldridge and cannot "do anymore to locate him than what the U.S. Marshals did." (Doc. 22, p. 1; Doc. 23, p. 1). He asks for further direction from the Court and a default judgment, non-answer-default judgment, or a decree nisi within 45 days. (Doc. 21, p. 1). He also requests an additional 30 to 60 days for the summons to remain active. (Doc. 23, p. 1).

**ANALYSIS**

"Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshal[s] if a plaintiff is authorized, as he is in this case, to proceed *in forma pauperis* under 28 U.S.C. § 1915." *Russell v. City of Milwaukee Housing,* No. 18-cv-1759-JPS, 2018 WL 5840772, at *2 (E.D. Wis. Nov. 8, 2018) (citing *Williams v. Werlinger,* 795 F. 3d 759, 760 (7th Cir. 2015)). The United States Marshals Service is then required to make reasonable efforts to personally serve the Complaint on the defendant. *See Geder v. Godinez,* 221 F. 3d 1338 (Table), 2000 WL 874804, at *3 (7th Cir. June 27, 2000).

Here, the Court is satisfied that the United States Marshals Service has made reasonable efforts to locate and serve Eldridge, unfortunately without success. The correctional facility where Eldridge is last known to have worked provided a last known address, and when the marshal attempted service at the address, the marshal was informed by the current resident that Eldridge no longer resided there. The marshal then tried to obtain a forwarding address. He also attempted service at an alternative address

and spoke with a neighbor regarding Eldridge's whereabouts. These efforts are sufficient, and the Court will not direct further search by the marshal. Additionally, other than Plaintiff's speculation, there is no evidence to support the allegation that Eldridge is purposely evading service.

As to Plaintiff's request for some kind of default judgement, the request is denied. (Doc. 21). Unless, Eldridge is properly served, the Court does not have jurisdiction over him to enter any kind of judgment. The Court also denies the request for the summons to remain active for an additional 30 to 60 days. Because Plaintiff has stated he does not have any additional information regarding the location of Eldridge, and no way to obtain such information, allowing Plaintiff additional time to provide a current address for Eldridge would be futile at this point. Accordingly, there is not good cause for extending the deadline for service any further. *See* FED. R. CIV. P. 4(m).

Therefore, as the United States Marshal Service has made reasonable, but ultimately unsuccessful, efforts to serve process on Eldridge, and since more than 90 days have passed since the failure of service, Eldridge is subject to dismissal without prejudice. This matter shall be referred to a District Judge for the dismissal of Eldridge pursuant to Federal Rule of Civil Procedure 4(m).

## DISPOSITION

For the reasons stated above, the Omnibus Motion for Relief (Doc. 21), the Response to Honorable Courts Order and Motion for Instruction (Doc. 22), and the Motion and Affidavit to Keep active Summons (Doc. 23) are **DENIED.**

The Clerk is **DIRECTED** to assign a District Judge for the purpose of addressing

the dismissal of Defendant Eldridge pursuant to Rule 4(m). *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

**IT IS SO ORDERED.**

**DATED: May 6, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**